UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MICHAEL A. KELLEY, )
 )
       Petitioner, )
 )
v. )   No. 1:06-cv-149-SEB-VSS
 )
MR. AL PARKE, Superintendent, )
 )
       Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

The petitioner of Michael Kelley for a writ of habeas corpus is denied and this action is dismissed with prejudice. This disposition is compelled by the following facts and circumstances:

1. Kelley's agreement regarding his extradition to Illinois related to the fact that he would be held without bond, not that the Indiana hold on him had expired or would expire upon the resolution of the Illinois charge.

2. As a matter of Indiana state law, Indiana did not relinquish its claim to Kelly by simply honoring or processing the extradition request of Illinois. *Overlade v. Wells,* 127 N.E.2d 686, 689 (1955) ("The surrender of appellee to the authorities of [other jurisdictions] upon the criminal charges there pending against him did not constitute a waiver of the right to recommit him to the Indiana State Prison to serve out the time imposed by the statute for the violation of the terms his parole.")(footnote omitted)(citing *Gilchrist v. Overlade,* 122 N.E.2d 93, 98 (1954)).

3. Again, as a matter of Indiana state law, Kelley was not discharged from his first Indiana sentence when he began serving his second sentence in the absence of evidence that the Parole Board discharged or "turned over" the sentence, *see Mills v. State* 840 N.E.2d 354, 358 (Ind.Ct.App. 2006), and Kelley was not entitled to additional credit toward the sentence imposed in No. 45G04-0106-DF-00140, because Kelley's written consent to being placed on parole was not required and because he had not completed any program within the Indiana Department of Correction entitling him to a greater period of good time than he received.

      4.     "A necessary predicate for the granting of federal habeas relief . . . is a determination by the federal court that [petitioner's] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges,* 423 U.S. 19, 21 (1975). Because it is the petitioner's burden to make such a showing, and because Kelley has failed to meet that burden in this case, his petition for a writ of habeas corpus must be denied and this action dismissed with prejudice. Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED**.

Date: 05/24/2006

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana